IN THE UNITED STATES DISTRICT COURT OF TENNESSEE, EASTERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | No.: 3:05-CR-13 |
| | ) | Judge Thomas A. Varlan |
| SAMUEL R. FRANKLIN, | ) | |
| Defendant. | ) | |

Memorandum in Support of
Motion to Release Defendant Pending Sentencing

The Defendant, Samuel R. Franklin, by and through undersigned counsel and pursuant to 18 U.S.C. § 3145(c), moves this Court for an Order allowing Mr. Franklin to remain on his own recognizance or on an unsecured bond pending sentencing in this matter. As grounds thereto, Mr. Franklin submits this Memorandum of Law in Support of his Motion. Should the Court so desire, Mr. Franklin would present evidence/testimony of the facts alleged herein.

FACTS:

Mr. Franklin along with Joshua Monday, Shayne Green, William Carrol and G. David Webber, all Campbell County Sheriff's Department personnel, have been charged by Information with conspiring to violate an individual's free exercise and enjoyment of rights secured by the Constitution and laws of the United States. See Indictment filed Feb. 03, 2005.

On July 8, 2004, the date of the alleged incident, Detective David Weber approached Mr. Franklin and asked Mr. Franklin to assist in apprehending Mr. Eugene

Siler on an outstanding violation of probation arrest warrant. Having agreed to assist, Mr. Franklin, along with the other four previously named individuals left the Campbell County Sheriff's Office at or about 1:30 pm.

Upon arriving at Siler's residence and attempting to apprehend Eugene Siler, Mr. Franklin approached the front door and spoke with Mrs. Siler regarding the whereabouts of her husband. Shortly after entering the Siler residence other individuals assisting in the arrest apprehended Mr. Siler and brought him back inside his residence. Id. at ¶ b. At this time, and as indicated in the Information, Mr. Franklin asked Mrs. Siler to take her son out of the house so he would not see his dad arrested. Id. at ¶ c. Mrs. Siler agreed and promptly gathered her belongings and left the house with her young son.

When Mrs. Siler and her son left the house, Mr. Franklin and the other four previously named individuals sought to have Mr. Siler sign a Consent To Search form. Id. at ¶ d. After the making the request and as the Information depicts, Mr. Franklin threatened Mr. Siler with the use of a slapjack and breaking Mr. Siler's fingers. Id. at ¶ e. Mr. Franklin never carried through with either threat nor did he allow one of the other four previously named individuals to use his slapjack or break Mr. Siler's fingers.

Unfortunately and regrettably, although Mr. Franklin never physically harmed Mr. Siler, he failed to stop other individuals from inflicting further mental and/or physical harm and injury. Id. at ¶¶ f-h.

ARGUMENT:

I. USING THE AUTHORITY PROVIDED BY 18 U.S.C. § 3145(c) AND BASED ON THE EXCEPTIONAL REASONS PROVIDED HEREIN, THIS COURT SHOULD RELEASE MR. FRANKLIN PENDING THE SENTENCING HEARING IN THIS MATTER.

A. This Court Has The Authority Under 18 U.S.C. § 3145(c) To Release Mr. Franklin Pending The Sentencing Hearing In This Matter.

This Court should utilize its ability and authority under 18 U.S.C. § 3145(c) to release Mr. Franklin pending the sentencing hearing in this matter. The applicable statute states, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (2005). In interpreting the above language, the Sixth Circuit Court of Appeals stated,

> Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the courts of appeals. The language provides that the necessary findings may be made by a 'judicial officer,' a term that is used throughout the bail statutes to refer to magistrate judges, district court judges, and judges of the courts of appeals.

United States v. Cook, No. 02-5775, 2002 WL 1869446 at *1, 2002 U.S. App. Lexis 16570, *4 (6th Cir. Aug. 13, 2002) (opinion attached hereto). The Cook court went on to cite from other circuits which have held the same, as well as from United States v. Burnett, 76 F. Supp. 2d (E.D. Tenn. 1999), a case decided in the Eastern District of Tennessee by Judge Collier.

Although detention is normally required based on the underlying offense[1], this Court must still determine whether Mr. Franklin meets the conditions of release set forth in § 3143(a)(1).

Upon clear and convincing evidence, this Court should determine that Mr. Franklin satisfies the conditions of 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) states,

> . . . the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

(2005). Once this threshold determination is made, the judicial officer must then find that "exceptional reasons" exist such that detention would not be appropriate. See 18 U.S.C. § 3145(c).

B. Mr. Franklin Is Not Likely To Flee Or Pose A Danger To The Safety Of Any Other Person Or The Community If Released Under Section 3142(b) Or (c).

Mr. Franklin's conduct since the date of this incident provides clear and convincing evidence that he will not flee nor pose a danger to the safety of any other person or the community. Mr. Franklin has lifelong ties to east Tennessee, specifically Campbell County. For the seventeen years prior to July 2004, Mr. Franklin served his community, county and state with honor and distinction. In fact, discounting the current allegation, in his seventeen years of service with the Sheriff's Department, Mr. Franklin never received a single complaint of harassment or abuse; rather, he received praise and accolades.

---

[1] As the underlying crime is considered a "crime of violence" under 18 U.S.C. § 3142(f)(1)(a), 18 U.S.C. § 3143(a)(2) is applicable to Mr. Franklin's request for release.

Mr. Franklin has recognized since the day of this unfortunate incident that he would in all likelihood be incarcerated. However, with the threat of incarceration looming, Mr. Franklin and his wife continue to live and raise their three young daughters in Campbell County. Additionally, there is no indication that Mr. Franklin repeated his unfortunate conduct. Base on his personal and professional history pre and post July 2004, this Court should find by clear and convincing evidence that Mr. Franklin will not flee or pose a danger to another individual or his community.

C. Based On The Exceptional Reasons Provided Herein, This Court Should Release Mr. Franklin Pending The Sentencing In This Matter.

The exceptional reasons found herein warrant this Court allowing Mr. Franklin to remain out of custody pending sentencing. As the applicable statute fails to define "exceptional reasons," Judge Collier, in Burnett, relied in part of the definitions provided in other decisions:

> Section 3145(c) does not define or otherwise articulate what constitutes 'exceptional reasons' to allow release. Courts have defined exceptional circumstances as a 'unique combination of circumstances giving rise to situations that are out of the ordinary.' DiSomma, 951 F.2d at 947. In United States v. Koon, 6 F.3d 561 (9th Cir. 1993), Judge Rymer in a concurring opinion considered exceptional reasons to mean 'out of the ordinary,' 'uncommon' or 'rare.' Id. at 563.

76 F. Supp. 2d at 848. The Burnett defendant contended "release is justified because she is the primary care provider for her seventy-seven year old mother and fifty-three year old brother. Defendant argues if she is incarcerated it would create an extreme hardship upon her mother and brother." Id. at 849. In deciding that the recited facts did not create exceptional reasons, Judge Collier stated,

> The Court further notes if it determined such personal hardships qualified to prevent or delay detention, then inevitably defendants committing the same offenses would be treated disparately for reasons unrelated to their

> crimes or *personal character*. A drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail. Such disparity unrelated to the offense or *personal character* of the particular defendant would be contrary to the goals of the federal criminal legal system and would not be a desirable objective of a just system of law.

Id. at 851. (emphasis added) In the above language, Judge Collier is declaring that the personal character of the defendant is an element within the phrase "exceptional reasons." In essence, with regards to the first sentence of the quoted language, Judge Collier is saying: preventing and/or delaying detention is related to the crime and/or personal character of the defendant – not personal hardships such a leaving loved ones behind. Judge Collier emphasizes this legal conclusion in the last sentence of his opinion, as quoted above. Collier is saying that if disparity exists regarding immediate detention versus delaying detention, the disparity must relate to the offense and/or the personal character of the particular defendant; otherwise undesirable results are obtained.

The fact that Mr. Franklin pleads guilty to the Information should not be the deciding factor in determining detention. To rely on the underlying crime alone would be to render 18 U.S.C. § 3145(c) meaningless. For Congress, by including the very section, understood and appreciated the fact that on occasion, some individuals should be allowed to remain on bond pending formal sentencing. Ultimately, the issue presently before the Court is not whether Mr. Franklin should be incarcerated; rather, should he be incarcerated pending formal sentencing. And as Judge Collier stated, exceptional reasons can be found by looking not only at the offense but also as to individual's character.

Mr. Franklin readily acknowledges and accepts his role in this most unfortunate offense. A review of the Information indicates the Mr. Franklin's "active" role in the offense is one of threats of violence to the victim, threats which were never carried out.

See Information at ¶ e. Obviously Mr. Franklin does not make light of these threats as they are in direct contravention to the protections he was to afford all individuals. Arguably Mr. Franklin's most serious "acts" were in fact his "inactions." Id. at ¶¶ f-h. Perhaps man's most formidable flaw is failing to act when action is needed. History is littered with a litany of examples of man's failure to act thus creating compromising environments. Knowing Mr. Franklin's background and personal character causes many to wonder how he could be involved in the events of July 8, 2004.

The personal character of Samuel Franklin warrants release pending the sentencing hearing. As previously stated, Mr. Franklin served the citizens of Campbell County and Tennessee for seventeen years with honor and distinction. Mr. Franklin rose through the ranks in Campbell County from dispatcher and jailer to deputy and sergeant; ultimately, he was promoted to detective in September 2002. Mr. Franklin's character was without question as he was trusted with the responsibility of heading the Campbell County D.A.R.E. program and spoke at numerous Campbell County schools. With his clear sense of dedication, one can easily understand his lifelong commitment to serving the people.

Mr. Franklin also served his country for four years in the United States Army. In fact, after he received the Good Conduct Medal, numerous Army Achievement Medals and ultimately his Honorable Discharge, Mr. Franklin continued to serve our country for two years in the National Guard. Obviously, this is an individual who served his community and nation throughout his adult life.

Mr. Franklin does not deny the seriousness of this crime and painfully accepts his role in the events. He admits to his involvement – to his actions as well as inactions. It is

hard to fathom that an individual garnering so much respect from his community, state and nation would be involved in the acts taking place on July 8, 2004. Based on his record of service, Mr. Franklin's involvement in the underlying offense can best be described as aberrational. Indeed, a portrait of Samuel Franklin illustrates that this is a "unique combination of circumstances giving rise to situations that are out of the ordinary." Burnett, 76 F. Supp. 2d at 850 (citing DiSomma, 951 F.2d at 497). Lastly, Mr. Franklin's personal character is truly "out of the ordinary," uncommon" and "rare" and warrants a declaration from this Court that he be released pending formal sentencing in this matter. Id. (citing DiSomma, 951 F.2d at 563).

CONCLUSION:

This Court has the authority under 18 U.S.C. § 3145(c) to release Mr. Franklin pending formal sentencing in this matter. Clear evidence shows that there are exceptional reasons why Mr. Franklin's detention would not be appropriate pending sentencing. For the reasons stated herein, Mr. Franklin respectfully request that based on the uniqueness of the circumstances arising from the offense combined with his personal character, that this Court find that pre-sentence detention is not appropriate.

Respectfully submitted February 17, 2005.

McKELLAR ROSKIND, LLP

By: ______________________

Andrew S. Roskind
BPR No.: 022263

Franklin Square
9724 Kingston Pike, Suite 208
Knoxville, Tennessee 37922
(865) 566-0125

Certificate of Service

I hereby certify that a true and exact copy of the forgoing document has been served on all counsel of record through the Electronic Case Filing System or by placing same in United States Mail, postage pre-paid to:

AUSA Charles E. Atchley, Jr.
800 Market Street, Suite 211
Knoxville, Tennessee 37902

Served on February 17, 2005.

By: ______________________
Andrew S. Roskind