Source: Legal > / . . . / > 6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined [i]
Terms: name(united states and cook) (Edit Search)

↵Select for FOCUS™ or Delivery
☐

*42 Fed. Appx. 803, \*; 2002 U.S. App. LEXIS 16570, \*\**

**UNITED STATES** OF AMERICA, Plaintiff-Appellee, v. DEBBIE **COOK,** Defendant-Appellant.

No. 02-5775

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

42 Fed. Appx. 803; 2002 U.S. App. LEXIS 16570

August 13, 2002, Filed

**NOTICE: [\*\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** On Appeal From the Eastern District of Tennessee at Chattanooga. 02-00069. R. Allan Edgar, Chief District Judge. 06-10-02.

**DISPOSITION:** Denial of release pending sentencing AFFIRMED.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN.

For DEBBIE COOK, Defendant - Appellant: Jerry H. Summers, Summers & Wyatt, Chattanooga, TN. William David Cunningham, Cunningham & Mullinax, LaFayette, GA.

**JUDGES:** Before: MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge. \*

\* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

**OPINION: [\*803]**

ORDER

Before: MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge. \*

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -


\* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.


- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[\*\*2]**

The defendant entered a guilty plea to one count of possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1), (c). Sentencing is presently scheduled for October of 2002. The defendant moved for release on bond pending sentencing. At the change of plea hearing, the district court denied the motion on the record. The defendant appeals from that decision. The appellate briefs have been filed on an expedited basis, and the matter is otherwise ready for decision. This panel is in unanimous agreement that oral argument would not significantly aid the decisional process. Fed. R. App. P. 34(a)(2)(C); Sixth Circuit Rule 34(j)(2)(C).

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143 (a). Subsection (a)(2) provides that a person found guilty of an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed and who is awaiting imposition of sentence shall be detained unless the judicial officer reaches certain conclusions which are not applicable in this case. The parties agree that were § 3143(a)(2) the [**3] only consideration, the defendant could not be released pending sentencing. However, the defendant contends that the district court was required to consider her release under the provisions of 18 U.S.C. § 3145(c).

Section 3145, as indicated by the title "Review and appeal of a release or detention order," addresses the review or modification of orders that detain or grant release of a defendant. Subsection (c) provides that any appeal from such an order shall be determined promptly. The last sentence of the subsection contains the language at issue in this case, added by the Mandatory Detention for Offenders Convicted of Serious Crimes Act, P.L. 101-647 § 901 (1990). The statute, which creates an exception to detention for exceptional circumstances, provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The defendant argues that even when detention [**4] is mandated under § 3142(a)(2), the district court may exercise discretion to release the defendant pending sentencing pursuant to § 3145(c). The government asks this court to conclude that § 3145(c) applies only to appellate court [*804] review of a district court order of detention.

Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the courts of appeals. The language provides that the necessary findings may be made by a "judicial officer," a term that is used throughout the bail statutes to refer to magistrate judges, district court judges, and judges of the courts of appeals. Most courts considering the issue have concluded that a district court is empowered to make findings regarding exceptional circumstances. United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993); United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991); [**5] see also United States v. Burnett, 76 F. Supp.2d 846 (E.D. Tenn. 1999) (noting contrary authority, but following weight of authority). Unpublished orders of this court suggest a similar result. See, e.g., United States v. Hill, 47 F.3d 1171, 1995 WL 19367 (6th Cir. 1995).

In light of this authority, we hold that the district judge in the instant case was not precluded from making a determination of exceptional circumstances in support of release. The defendant suggests the court concluded it had no authority to find exceptional circumstances.

It is true that the district judge stated at the close of the proceedings that "I just can't find in this case that I have any discretion under the statute but to take her into custody." However, the discussion preceding that statement indicates that the parties and the district judge were considering what constituted exceptional circumstances. For instance, the district court stated that cooperation with the government was not an exceptional circumstance, nor was the hardship to family and business associates. The district court denied release because of an absence of exceptional circumstances. In doing so, **[\*\*6]** the court did not err.

Therefore, the denial of release pending sentencing hereby is **AFFIRMED**.

Source: Legal > / . . . / > **6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined** [i]
Terms: **name(united states and cook)** (Edit Search)
View: Full
Date/Time: Wednesday, February 16, 2005 - 2:11 PM EST

\* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
✚ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
Ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.