IN THE UNITED STATES DISTRICT COURT OF TENNESSEE, EASTERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No.:  3:05-CR-13 |
| SAMUEL R. FRANKLIN, | ) ) | Judge Thomas A. Varlan |
| Defendant. | ) ) ) | |

## NOTICE OF OBJECTION

The Defendant, Samuel R. Franklin, by and through undersigned counsel, hereby respectfully files this Notice of Objection to the Presentence Report submitted in this case:

Objection 1: Paragraph 22

Defendant objects to the adjustment based on obstruction of justice. As a factual matter, the false statements made by Defendant had absolutely no impact on the TBI investigation. The state authorities, as the Presentence Report correctly indicates, already had the audio tape in their possession. Therefore, regardless of any false statements made by this Defendant or any of the co-defendants, the Tennessee Bureau of Investigation had the necessary information/evidence to move forward with a prosecution. The conclusions reached by the Presentence Office are the same in each Presentence Report filed with this Court. That is, "the false statements did not significantly impact the ongoing investigation as authorities already had in their possession the tape and knew exactly what had occurred that day." (Presentence Report dated 4/28/05; 6/3/05; and 6/21/05.)

As a legal matter, the two-level increase is unwarranted. The most recent Presentence Report indicates that because the statement was made under oath, the two-level increase *per se* applies. See Presentence Report 6/21/05 ¶ 22. The basis for this legal conclusion is most likely grounded in Application Note 4(b) which reads, "The following is non-exhaustive list of examples of the types of conduct to which this adjustment applies: (b) committing, suborning, or attempting to suborn perjury." USSG § 3C1.1 comment. note 4(b) (2005). However, this conclusion is indeed in error as the government cannot merely rely on the alleged perjury to show obstruction. Rather, this Court must still find by a preponderance of the evidence that the alleged perjury had "an *actual obstructive effect* on the 'instant offense' to trigger the enhancement." United States v. Roberts, 243 F.3d 235, 240 (6th Cir. 2001) citing United States v. Perez, 50 F.3d 396, 400 (7th Cir. 1995) (emphasis added).

Respectfully submitted on June 24, 2005.

McKELLAR ROSKIND, LLP

By: _____

Andrew S. Roskind
BPR No.: 022263

Franklin Square
9724 Kingston Pike, Suite 208
Knoxville, Tennessee 37922
(865) 566-0125

Certificate of Service

I hereby certify that a true and exact copy of the forgoing document has been served on all counsel of record through the Electronic Case Filing System or by placing same in United States Mail, postage pre-paid to:

AUSA Charles E. Atchley, Jr.
800 Market Street, Suite 211
Knoxville, Tennessee 37902

Ms. Myra Melton
United States Probation Office
800 Market Street, Rm 311
Knoxville, Tennessee 37902

Served on June 24, 2005.

By: _____
Andrew S. Roskind