**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-13 |
| | ) | VARLAN |
| **SAMUEL R. FRANKLIN** | ) | |

**RESPONSE TO DEFENDANT'S NOTICE OF OBJECTION**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby files this response to defendant's Notice of Objection and states the following:

1. On July 19, 2004 the defendant was interviewed by the Tennessee Bureau of Investigation in conjunction with an investigation into allegations that he and four other Campbell County Sheriff's Office deputies had physically and mentally abused him in order to gain his consent to search his home.

2. During this interview the defendant gave a voluntary sworn statement in which he said, "After we arrived at the jail, Billy Marlow told me that Siler was accusing the arresting officer of beating him and hooking jump cable to him. To the best of my knowledge no one beat, mistreated, threatened, pressured, or hooked Mr. Siler to any type of jumper cables. If Mr. Siler was injured in any way it occurred when the officers were trying to arrest him. As far as I know, the officers used only the force necessary to make the arrest." He went further to state, "I did not physically assault Siler in any way." These are lies. A copy of this statement and accompanying affidavit are attached to this response as Exhibit A and incorporated by reference herein.

3. Subsequent to his first statement, Franklin was played a portion of the tape then voluntarily gave a second sworn statement. He stated, "I never threatened Eugene" and "I did not at any time strike or hit Eugene Siler." Furthermore, in this statement Franklin makes no mention of Monday's threatening Mr. Siler with his sidearm. These are lies. A copy of this statement and accompanying affidavit are attached to this response as Exhibit B and incorporated by reference herein.

4. On July 28, 2004, the defendant voluntarily appeared at his own request before the Campbell County Grand Jury to testify under oath and on his own behalf as a part of this Grand Jury's investigation of the events which occurred inside the Siler home on July 8, 2004. In this Grand Jury the defendant testified that "I am not aware of any officer having a gun out" and "I never saw Webber hit him, but he was doing most of the talking." These are lies. A copy of this statement and accompanying affidavit are attached to this response as Exhibit C and incorporated by reference herein.

5. On January 26, 2005, the defendant met with agents of the FBI and, in the presence of his attorney Mr. Roskind, gave a fourth statement. In this statement, Mr. Franklin gives a detailed recitation of the events of July 8, 2004. He offers graphic details of the abuse and threats of all individuals that day. He admits to physically assaulting Mr. Siler as well as witnessing Webber do the same. He admits to the incident involving the battery charger and to Monday's using his firearm to threaten Mr. Siler approximately ten times.

6. On three separate occasions the defendant voluntarily gave sworn testimony about the events of July 8, 2004, and on three occasions he lied. The purpose of these lies was to obstruct the TBI investigation of himself and his friends. The defendant would only truthfully state facts to

2

which he knew he could not lie. The fact that he was originally trying to obstruct a state investigation is irrelevant. *See United States v. Smart*, 41 F.3d 263, 265-66 (6th Cir. 1994) (upholding increase where defendant used false name to obtain release on bail after arrest by state authorities on charges later prosecuted in federal court). To say these lies were not material is also not accurate. Materiality has been found where defendant's conduct had the potential to weaken the government's case or prolong the pendency of the case. *See United States v. Maccado*, 225 F.3d 766 (D.C. Cir. 2000) (holding that defendant's failure to provide the court with a handwriting exemplar had the potential to weaken the government's case and prolong the pendency of the charges even though it had no substantial effect on the investigation or prosecution). The defendant wanted to mislead law enforcement about his own conduct and that of his friends. The purpose of his testimony before the Campbell County Grand Jury was to try to prevent his own indictment and that of his friends. It is clearly material obstruction.

7. It is also important to note that all three of these statements were given under oath. The obstruction enhancement clearly applies to an individual who commits perjury. This perjury need not relate to the offense of conviction as long as it relates to relevant conduct. *See United States v. Jones*, 308 F.3d 425 (4th Cir. 2002) (relying on Clause (B) of section 3C1.1 which says the obstructive conduct may relate to any relevant conduct or a closely related offense). The defendant received a sentence enhancement, which he has not objected to, that increased his offense level by three for Monday's brandishment of the firearm. His lies regarding this were clearly related to his own relevant conduct. Furthermore, lying to a grand jury has also been found to trigger the obstruction of enhancement. *See United States v. Blalock*, 321 F.3d 686 (7th Cir. 2003) (affirming increase where grand jury testimony was contradicted by defendant's later admittance); *United*

3

*States v. Tam*, 240 F.3d 797 (9th Cir. 2001) (upholding obstruction increase for perjury before the grand jury).

For all the foregoing reasons the obstruction enhancement has been appropriately applied in the defendant's presentence report and his arguments that it be stricken are without merit.

Respectfully submitted this 1st day of July, 2005.

                        HARRY S. MATTICE, JR.
                        UNITED STATES ATTORNEY

By:   s/ Charles E. Atchley, Jr.
       CHARLES E. ATCHLEY, JR.
       Assistant United States Attorney
       B.P.R. # 016414
       800 Market Street, Ste. 211
       Knoxville, Tennessee 37902
       (865) 545-4167

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2005, a copy of the foregoing response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Opposing counsel may access this filing through the Court's electronic filing system. Any counsel not named as being served electronically will be served by regular U.S. mail or facsimile.

Andrew S. Roskind, Esq.
Franklin Square
9724 Kingston Pike, Suite 208
Knoxville, TN 37922

Myra Melton
United States Probation Office
800 Market Street, Room 311
Knoxville, TN 37902

                                                  s/ Charles E. Atchley, Jr.
                                                  CHARLES E. ATCHLEY, JR.
                                                  Assistant United States Attorney