# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE, TENNESSEE

United States of America,          :
                                   :
                    Plaintiff,     :
                                   :
vs.                                :          Case No. 3:05-cr-13
                                   :
Samuel R. Franklin,                :          Initial Appearance/
                                   :          Arraignment/Plea
                    Defendant.     :          to Information

Transcript of proceedings before the Honorable Thomas A. Varlan,

U. S. District Judge, on February 23rd, 2005.

Appearances:

On behalf of the Plaintiff:

Charles E. Atchley, Jr., Esq.
U. S. Attorney's Office
Knoxville, Tennessee

On behalf of the Defendant:

Andrew S. Roskind, Esq.
Knoxville, Tennessee

Court Reporter:

Donnetta Kocuba, RMR
800 Market Street, Suite 132
Knoxville, Tennessee 37902
(865) 524-4590

FILED
2008 JAN 16 P 3: 51
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY ____ DEPT. CLERK



1   (Whereupon, Wednesday, February 23rd, 2005, Court

2   convened in the following matter at 2:04 p.m.)

3   THE COURT:   Good afternoon, everyone. Call up the

4   next case, please.

5   COURTROOM DEPUTY:   Criminal Action 3:05-cr-13,

6   United States of America versus Samuel R. Franklin. Charles

7   Atchley is here on behalf of the Government; is the Government

8   present and ready to proceed?

9   MR. ATCHLEY:   Present and ready, your Honor.

10   COURTROOM DEPUTY:   Andrew Roskind is here on

11   behalf of the Defendant; is the Defendant present and ready to

12   proceed?

13   MR. ROSKIND:   Present and ready, your Honor.

14   THE COURT:   All right. Good afternoon, again. Mr.

15   Atchley, why don't we begin with your giving us the status of this

16   case?

17   MR. ATCHLEY:   Yes, sir. Your Honor, the United

18   States filed a bill of information against the Defendant, Samuel R.

19   Franklin, alleging a violation of United States Code 241,

20   conspiracy against civil rights, Case No. 3:05-cr-13. Mr. Franklin

21   is here today to enter a guilty plea.

22   THE COURT:   All right. Thank you. Mr. Franklin, if

23   you would approach the lectern along with your counsel, we'll

24   have you sworn in by the courtroom deputy.

25   COURTROOM DEPUTY:   Would you please raise your

1  right hand? Do you solemnly swear or affirm that you will true

2  answers make to all questions asked you at this time, as you shall

3  answer unto God; if so, please say, "I do."

4        MR. FRANKLIN:  I do.

5        COURTROOM DEPUTY:  And would you please state

6  and spell your full name for the record?

7        MR. FRANKLIN:  Samuel R. Franklin, S-a-m-u-e-l,

8  middle initial R, F-r-a-n-k-l-i-n.

9        THE COURT:  Thank you, Mr. Franklin.  Since we're

10  here today on an information filed on February 3, 2005, we need to

11  begin with an initial appearance and arraignment.  The purpose is

12  to advise you of the charges against you and of your rights, to

13  confirm your representation by counsel as to the information, and

14  to advise you the schedule of further proceedings.

15       This initial appearance/arraignment is not a trial, and you will

16  not be called upon to present any defense as to the charges

17  contained in the information at this time.  First of all, I must advise

18  you of your constitutional rights.  You're not required to make a

19  statement, and any statement made by you may be used against you

20  at this or a subsequent hearing.

21       You have the right to remain silent.  Anything you do say may

22  be used against you in court.  You may consult with an attorney

23  prior to questioning, and you may have the attorney present during

24  questioning.  Counsel will be appointed for you without charge if

25  you cannot afford one and if you choose to make a statement or

1  answer questions without the presence of counsel, you may stop

2  answering at any time.

3       All right. Let me confirm, first of all, Mr. Franklin, did you

4  hear me and understand me when I read your rights to you?

5       MR. FRANKLIN: Yes, your Honor.

6       THE COURT: And do you have any questions about

7  your rights before we proceed?

8       MR. FRANKLIN: No, your Honor.

9       THE COURT: Would you please relate for us your

10  educational background very briefly?

11       MR. FRANKLIN: A high school diploma from

12  Campbell County High School and a half year of college with

13  Lincoln Memorial University.

14       THE COURT: Do you have any difficulties, do you

15  believe you would have any difficulties in your ability to

16  comprehend these proceedings?

17       MR. FRANKLIN: No, your Honor.

18       THE COURT: And do you have any physical or mental

19  problems which may impair your ability to participate in or

20  understand these proceedings?

21       MR. FRANKLIN: No, your Honor.

22       THE COURT: Have you consumed any prescription

23  medication, drugs or alcohol, in the past 24 hours which would

24  affect your ability to understand this proceeding?

25       MR. FRANKLIN: No, your Honor.

1    THE COURT:   Do you have legal counsel for this initial
2    appearance and arraignment?
3    MR. FRANKLIN:   I do, your Honor.
4    THE COURT:   Is that Mr. Roskind?
5    MR. FRANKLIN:   That's correct.
6    THE COURT:   Your legal counsel here today is Mr.
7    Andrew Roskind, correct?
8    MR. FRANKLIN:   Yes, your Honor.
9    THE COURT:   Thank you. Have you been provided a
10   copy of the information, and if so, have you discussed it with your
11   counsel?
12   MR. FRANKLIN:   Yes, your Honor.
13   THE COURT:   Mr. Roskind, let me ask if you wanted to
14   waive, on behalf of your client, formal reading of the information?
15   MR. ROSKIND:   Yes, your Honor.
16   THE COURT:   Thank you. Mr. Franklin, let me now ask
17   you, do you understand the nature of the charges against you?
18   MR. FRANKLIN:   Yes, your Honor.
19   THE COURT:   Okay. Mr. Atchley, if you would please
20   advise the Defendant as to the maximum possible penalty he could
21   receive if convicted under the one, as I understand, the one-count
22   information.
23   MR. ATCHLEY:   Yes, sir. He's facing a maximum of
24   ten years imprisonment. There's not a mandatory minimum
25   associated with this crime. A maximum of $250,000 in fines, up to

1   three years of supervised release, upon release from prison; and a

2   $100 special assessment.

3   THE COURT:  All right. Thank you. Mr. Franklin, do

4   you understand the Government's position as to the maximum

5   penalty?

6   MR. FRANKLIN:  Yes, your Honor.

7   THE COURT:  And, Mr. Roskind, is your client now

8   prepared to offer a plea and proceed forward?

9   MR. ROSKIND:  He is, your Honor.

10  THE COURT:  Thank you. We'll now proceed into the

11  acceptance of plea portion of today's proceedings. Mr. Franklin, I

12  remind you, you have been sworn in as part of the initial

13  arraignment, and that's applicable to this part of the proceedings as

14  well.

15  Before I accept your guilty plea, Mr. Franklin, there are a

16  number of questions I need to ask you to assure your plea is a valid

17  one. First, do you understand that you are under oath, and if you

18  answer any of my questions falsely, your answers may later be used

19  against you in another prosecution for perjury or for making a false

20  statement?

21  MR. FRANKLIN:  Yes, your Honor.

22  THE COURT:  Some of these questions I've already

23  asked you, but let me just go over them again briefly. How far did

24  you go in school?

25  MR. FRANKLIN:  A high school diploma and a half a

1   year of college.

2           THE COURT:   And any difficulty reading or writing?

3           MR. FRANKLIN:   No, sir.

4           THE COURT:   Have you ever been treated for any

5   mental illness or addiction to narcotic drugs of any kind?

6           MR. FRANKLIN:   No, your Honor.

7           THE COURT:   Have you taken any drugs, medicines,

8   pills or alcoholic beverage of any kind within the last 24 hours?

9           MR. FRANKLIN:   Yes.

10          THE COURT:   And could you tell me about that?

11          MR. FRANKLIN:   My Zoloft and my Lipitor.

12          THE COURT:   And those are all– those are both

13  prescription medications?

14          MR. FRANKLIN:   Yes, your Honor.

15          THE COURT:   Anything besides that?

16          MR. FRANKLIN:   No, sir, your Honor.

17          THE COURT:   Okay.  Do you understand what's

18  happening here today?

19          MR. FRANKLIN:   Yes, I do, your Honor.

20          THE COURT:   And, Mr. Roskind, do you consider the

21  Defendant competent to enter a plea of guilty?

22          MR. ROSKIND:   I do, your Honor.

23          THE COURT:   Mr. Franklin, now let me ask you have

24  you received a copy of the information?

25          MR. FRANKLIN:   Yes, your Honor.

1          THE COURT:  And have you had an ample opportunity

2  to discuss the charge against you and your case with your lawyer,

3  Mr. Roskind?

4          MR. FRANKLIN:  Yes, your Honor.

5          THE COURT:  Have you told your lawyer everything

6  you know about this case?

7          MR. FRANKLIN:  Yes, your Honor.

8          THE COURT:  Do you believe your lawyer is fully

9  aware of all the facts on which the charges against you are based?

10         MR. FRANKLIN:  Yes, your Honor.

11         THE COURT:  Has your lawyer advised you as to the

12  nature and meaning of the charges?

13         MR. FRANKLIN:  Yes, your Honor.

14         THE COURT:  Has your lawyer explained the meaning

15  of any words in the offenses charged that you might not have

16  understood?

17         MR. FRANKLIN:  Yes, your Honor.

18         THE COURT:  Has your lawyer specifically advised

19  you as to every element of the offenses that the Government must

20  prove beyond a reasonable doubt?

21         MR. FRANKLIN:  Yes, your Honor.

22         THE COURT:  Has your lawyer advised you as to any

23  defense you may have to these charges?

24         MR. FRANKLIN:  Yes, your Honor.

25         THE COURT:  Has your lawyer explained the terms of

1   your plea agreement with you?

2       MR. FRANKLIN: Yes, your Honor.

3       THE COURT: And are you satisfied with the advice

4   your lawyer, Mr. Roskind, has given you in this matter?

5       MR. FRANKLIN: Yes, your Honor.

6       THE COURT: Mr. Roskind, are you satisfied the

7   Defendant understands the charge against him?

8       MR. ROSKIND: I do, your Honor.

9       THE COURT: As well as the elements of the offense

10   charged and the legal meaning of the words used in the

11   information?

12       MR. ROSKIND: Yes, your Honor.

13       THE COURT: Mr. Franklin, I now need to talk to you

14   about certain constitutional rights that you waive or give up if you

15   plead guilty. First, do you understand that you have a right to

16   plead not guilty to any offense charged against you and to persist

17   in that plea?

18       MR. FRANKLIN: Yes, your Honor.

19       THE COURT: Do you understand that you would then

20   have the right to a trial by jury during which you would also have

21   the right to the assistance of counsel for your defense?

22       MR. FRANKLIN: Yes, your Honor.

23       THE COURT: You would have the right to see and hear

24   all of the witnesses and have them cross-examined in your defense

25   and the right on your own part not to testify unless you chose to do

1    so in your own defense.

2            MR. FRANKLIN:   Yes, your Honor.

3            THE COURT:   Do you understand you would have the

4    right to the issuance of subpoenas or compulsory process to compel

5    the attendance of witnesses to testify in your behalf?

6            MR. FRANKLIN:   Yes, your Honor.

7            THE COURT:   Do you understand that by entering a

8    plea of guilty, if that plea is accepted by the Court, there will be no

9    trial and you will have given up the right to a trial of any kind, as

10   well as those other rights associated with a trial that I've just

11   described to you?

12           MR. FRANKLIN:   Yes, your Honor.

13           THE COURT:   Do you understand that you will also be

14   giving up the right not to be compelled to incriminate yourself and

15   the right to require the United States to prove you guilty beyond a

16   reasonable doubt?

17           MR. FRANKLIN:   Yes, your Honor.

18           THE COURT:   Let me now ask you a few questions

19   about your entering into of your plea agreement.  First, has any

20   person, including an officer or agent of the Government, put any

21   pressure on you, mental or physical, to force you to plead guilty?

22           MR. FRANKLIN:   No, your Honor.

23           THE COURT:   Other than what is in your plea

24   agreement, has any person, including an officer or agent of the

25   Government, promised or suggested that you will receive a lighter

1    sentence or any other form of leniency if you plead guilty?

2           MR. FRANKLIN:  No, your Honor.

3           THE COURT:  Mr. Franklin, the Court advises you that

4    under the Fifth Amendment to the Constitution, a person charged

5    with a felony has the right to an indictment by a grand jury. You

6    are before the Court on a felony charge on an information. Are you

7    waiving your right to an indictment by a grand jury?

8           MR. FRANKLIN:  Yes, your Honor.

9           THE COURT:  And, Mr. Roskind, do you wish to waive

10    reading of the information?

11           MR. ROSKIND:  Yes, your Honor.

12           THE COURT:  All right. The Defendant has stated he's

13    waived his right to indictment. I would ask that he sign the waiver

14    in open court at this time.

15       Let the record reflect that Mr. Roskind– excuse me– Mr.

16    Franklin and his counsel, Mr. Roskind, have executed the waiver of

17    indictment. It will be accepted for filing and made a part of the

18    record.

19       Mr. Atchley, I would now ask, on behalf of the Government,

20    if– we'll turn to you, and if you would state the Government's case

21    against this Defendant, including the specific charges, the facts

22    associated with those charges, and the maximum possible

23    punishment for the charges.

24           MR. ATCHLEY:  Yes, sir. Again, he's entering a

25    guilty plea to a violation of 18 United States Code Section 241,

1 conspiracy to violate an individual's civil rights. The maximum

2 penalty is up to ten years imprisonment. There's not a mandatory

3 minimum associated with it. A maximum of $250,000 in fines, up

4 to three years of supervised release and a $100 special assessment.

5   The United States would intend to prove in this case that the

6 Defendant, while employed as a law enforcement officer and acting

7 under color of law with the Campbell County Sheriff's Department

8 in Campbell County, Tennessee, and four fellow law enforcement

9 officers, David Webber, Joshua Monday, Shayne Green and

10 William Carroll, went to Lester Eugene Siler's home on July the

11 8th, 2004, to serve an arrest warrant.

12   The Defendant, together with the other four officers, agreed

13 to threaten, intimidate and physically assault Mr. Siler in order to

14 obtain his consent to search his residence. The officers handcuffed

15 Mr. Siler outside his home, brought him inside the home and made

16 him sit in a chair.

17   The Defendant and others ordered Mr. Siler's wife and son to

18 leave the residence. The Defendant and the other four officers

19 repeatedly threatened Mr. Siler with severe bodily harm unless he

20 cooperated by signing a consent to search form. The threats

21 included, but were not limited to, threats to shoot Mr. Siler, to beat

22 him, to kill him, to burn him with a cigarette lighter and to break

23 his fingers.

24   The Defendant failed to intervene when other officers

25 attached wires from a battery charger to Mr. Siler and threatened to

1    electrocute him. Defendant failed to intervene when other officers
2    slapped, hit, kicked and otherwise unlawfully assaulted Mr. Siler
3    while he was handcuffed and not resisting; thereby causing Mr.
4    Siler bodily injury.

5        The Defendant failed to intervene when other officers used
6    dangerous weapons, including, but not limited to, a firearm and a
7    plastic baseball bat or similar object, to threaten, intimidate and
8    beat Mr. Siler while he was handcuffed and not resisting, causing
9    him bodily injury.

10       In order to perpetuate the conspiracy, on or about July 19th,
11   2004, the Defendant lied to the Tennessee Bureau of Investigation
12   by denying the use of threats and unreasonable force against Mr.
13   Siler, and he did this in order to cover up this incident and obstruct
14   any investigation, state or federal, into it.

15           THE COURT:  All right.  Thank you, Mr. Atchley.  Mr.
16   Franklin, you can return to the lectern now.  Mr. Franklin, let me
17   ask you, did you hear the Government's case against you?

18           MR. FRANKLIN:  Yes, your Honor.

19           THE COURT:  And do you agree with the
20   Government's summary of what you did?

21           MR. FRANKLIN:  Yes, your Honor.

22           THE COURT:  As to the information charging a
23   violation of 18 United States Code Section 241, how do you wish
24   to plead, guilty or not guilty?

25           MR. FRANKLIN:  Guilty.

1         THE COURT: And do you understand what it is that

2 you're pleading guilty to?

3         MR. FRANKLIN: Yes, your Honor.

4         THE COURT: And are you offering to plead guilty

5 because you are, in fact, guilty?

6         MR. FRANKLIN: Yes, your Honor.

7         THE COURT: Mr. Franklin, if your plea is accepted,

8 you will be judged guilty of a felony, and this may deprive you of

9 valuable civil rights, such as the right to vote, the right to hold

10 public office, the right to serve on a jury, and the right to possess

11 any kind of firearms.

12      The Court also advises you that the Court is required to

13 consider any applicable sentencing guidelines, but the Court may

14 vary from those guidelines under some circumstances. Have you

15 had the opportunity to discuss with your attorney, Mr. Roskind, the

16 possible application of these guidelines to your case?

17         MR. FRANKLIN: Yes, your Honor.

18         THE COURT: The Court further advises you that

19 should it accept your plea of guilty your sentence could be

20 enhanced or increased due to any prior convictions you may have.

21 In addition, if the Court accepts your plea of guilty, a judgment of

22 conviction will result, and this conviction may be used against you

23 in the future if you should be convicted in any subsequent

24 proceeding to enhance or increase any sentence you might receive

25 for any future offenses you might commit.

In other words, your guilty plea in this case could hurt you in the future in the event of any future wrongdoing; do you understand that?

MR. FRANKLIN:  Yes, your Honor.

THE COURT:  Mr. Franklin, do you understand the Government has not made any agreement to recommend a particular sentence and that your sentence is to be determined by the Court in conformity with any applicable sentencing guidelines?

MR. FRANKLIN:  Yes, your Honor.

THE COURT:  You further understand you'll not be permitted to withdraw your plea on the basis of the sentence you might receive?  In other words, you can't wait to see what the sentence is going to be and then decide whether to plead guilty?

MR. FRANKLIN:  Yes, your Honor.

THE COURT:  The Court will not be able to determine the appropriate sentence until it has received the pre-sentence report, which you and the Government will have an opportunity to consider and challenge the facts in that report.

Under some circumstances, the Government may have the right to appeal the sentence imposed by this court.  The Court advises you that parole has been abolished, and if you are sentenced to prison, you will not be released on parole.

Let me ask you, Mr. Franklin, are you presently on probation as to any previous offense?

MR. FRANKLIN:  No, your Honor.

1    THE COURT:   Are you presently on parole from any

2  jail or penal institution?

3    MR. FRANKLIN:   No, your Honor.

4    THE COURT:   Thank you. The Court is also required to

5  inform you that as a condition of any period of supervised release

6  or probation that might be imposed in this case, such probation or

7  supervised release will be revoked should you be found in

8  possession of any controlled substances or of a firearm.  This

9  revocation is now mandatory under federal law.

10   Knowing these various penalties, do you still wish to plead

11  guilty?

12    MR. FRANKLIN:   I do, your Honor.

13    THE COURT:   The Court has observed the appearance

14  of this defendant and his responsiveness to the questions asked.

15  Based upon these observations and the answers to the questions,

16  the Court finds the Defendant, Mr. Samuel R. Franklin, is in full

17  possession of his faculties and is competent to plead guilty.

18   The Defendant is not under the influence of narcotics or other

19  drugs or alcohol, other than the prescription medication referenced

20  earlier in the proceeding.  The Defendant knowingly waives his

21  constitutional rights to trial and the other rights accorded to

22  persons accused of crime.

23   The Defendant understands the nature of the charge to which

24  the plea is offered and the maximum penalty provided by law for

25  this offense.  The Defendant has offered to plead guilty knowingly

and voluntarily. The Defendant understands the plea agreement made on his behalf in this case.

Accordingly, the plea of guilty will be accepted, and the Defendant, Samuel Franklin, is hereby adjudged guilty of violating 18 United States Code Section 241; that is, on or about July 8th, 2004, in the Eastern District of Tennessee, the Defendant, then a detective with the Campbell County Sheriff's Department, while acting under color of law, did willfully combine, conspire and agree with other persons known to the United States to injure, oppress, threaten and intimidate, Lester Eugene Siler, in the free exercise and enjoyment of rights secured to him by the constitution and laws of the United States; that is, the right to be free from unreasonable search and seizure, which includes the right to be free from unreasonable search and the right to be free from the use of unreasonable force by one acting under color of law.

Mr. Franklin, do you understand that you will be asked to give information to the probation officer for the pre-sentence report, and you may have your attorney present with you at that time, if you wish?

MR. FRANKLIN: Yes, your Honor.

THE COURT: You and your attorney will be permitted to read the pre-sentence report before the sentencing hearing. Within 14 days of receipt of the pre-sentence report, all parties must file any objections to the report with the Clerk of Court or, if there are no objections, file a written statement that there are no

1  objections with the Clerk.  Service of either document must include
2  the probation office.

3      Within ten days of filing any objections, the adverse party
4  may file a response with the Clerk and serve it upon the probation
5  office.  And let me note to both counsel, if either party intends to
6  request a sentence outside of the Advisory Guideline Range, then
7  you should file a sentencing memorandum setting forth your
8  position also within 14 days of your receipt of the pre-sentence
9  report.

10     If any evidentiary hearing is required on any objections to the
11 report, the party must expressly request the hearing at the time of
12 filing any objections or response.  And you are advised, Mr.
13 Franklin, that both you and your attorney will be permitted to
14 speak on your behalf at the sentencing hearing.

15     Defendant has filed a motion to be allowed to remain on
16 recognizance pending sentencing.  Mr. Roskind, do you wish to add
17 anything regarding that motion?

18          MR. ROSKIND:   I do, your Honor.

19          THE COURT:   All right.  Mr. Franklin, you can return
20 to counsel's table now, and we will hear from your counsel.

21          MR. ATCHLEY:   Your Honor, I tender into the record
22 the plea agreement and stipulation of facts.

23          THE COURT:   Thank you, Mr. Atchley.  We'll accept
24 for filing and make part of the record the original executed plea
25 agreement and stipulation of facts.

1    MR. ROSKIND:   Your Honor, as you are aware, we
2  have filed a motion requesting the release of Mr. Franklin pending
3  the formal sentencing in this matter.  As an initial matter, let me
4  state that the facts contained in the memorandum of law, the
5  motion, correlate to the facts as alleged in the information only.

6    Your Honor, we are requesting release pursuant to 18 U.S.C.
7  Section 3145(c).  I believe, your Honor, the Government and Mr.
8  Franklin can agree to the following items: One, Mr. Franklin has
9  pled guilty to this offense, and this offense is one that's considered
10  a crime of violence.

11    Two, because the offense is a crime of violence, Mr. Franklin
12  is subject to detention.  Now, the term "subject to" is a
13  presumption in the law that the Defendant can rebut, and it is by
14  this motion that we intend to do that.

15    Three, Section 3145(c) allows for release when it is clearly
16  shown that there are exceptional reasons why Mr. Franklin's
17  detention would not be appropriate.  And, lastly, I think we can
18  agree that this court is authorized to make these necessary findings
19  under exceptional circumstances.

20    As an initial matter, your Honor, under 18 U.S.C. Section
21  3143(a)(1), we have to show that it is not likely that Mr. Franklin
22  would flee or pose a danger to the community.  I believe the
23  Government, probation, will concede, and we would submit to this
24  court, that Mr. Franklin is not likely to flee and is not likely to pose
25  a risk to his community.

1    If these two conditions are met, then Mr. Franklin bears the

2 burden of establishing exceptional reasons as to why he should not

3 be detained pending sentencing.  Exceptional reasons have been

4 defined by the courts as unique, rare and uncommon.  As this court

5 concluded yesterday, exceptional reasons not necessarily meaning

6 personal hardships.  As Judge Collier stated in United States vs.

7 Burnett, every defendant facing detention would inevitably face

8 personal hardships, leaving family behind, the spouses, kids, and

9 other loved ones.

10    Remember Judge Collier stated courts should look to the

11 offense and the personal character of the defendant if there will be

12 a variance in detention and in sentencing.

13    In the U.S. vs. Burnett case, Judge Collier stated, "the Court

14 further notes if it is determined such personal hardships qualify to

15 prevent or delay detention, then inevitably defendants committing

16 the same offenses would be treated disparately for reasons

17 unrelated to their crimes or personal character.  A drug trafficker

18 with no family would immediately go to jail while a drug trafficker

19 convicted of the same offense with a family would remain on bail.

20 Such disparity, unrelated to the offense or personal character of the

21 particular defendant would be contrary to the goals of the federal

22 criminal legal system and would not be desirable objective of a just

23 system of law."

24    As to the offense element, your Honor, Mr. Franklin has pled

25 guilty to this crime, but this fact alone should not be the ultimate

1   issue, for it would misconstrue the potential to allow someone to be

2   released pending formal sentencing if merely pleading to their

3   crime was the sole determining factor. So we have to look past just

4   the offense that he's pled guilty to and look to Mr. Franklin's

5   personal character, as Judge Collier has instructed.

6         Your Honor, I submit that Mr. Franklin has served the public

7   for his entire adult life. Mr. Franklin joined the U.S. Army, served

8   for four years. He received three achievement– Army achievement

9   medals. He was served a good conduct medal which can only be

10   awarded after four consecutive years of distinguished service.

11         Finally, in the Army he received his honorable discharge.

12   From the Army Mr. Franklin joined the National Guard for two

13   years, where he received "Soldier of the Year" award for his

14   company. After leaving the National Guard, your Honor, Mr.

15   Franklin joined the Campbell County Sheriff's Department.

16         He was a member of the Campbell County Sheriff's

17   Department for 17 years, up until July of 2004. In 2001 he was

18   officer of the year. Mr. Franklin headed the D.A.R.E. program in

19   Campbell County. He went to schools, talked with Campbell

20   County youth, tomorrow's future, about the risks associated with

21   drugs.

22         He worked hand-in-hand with the Tennessee Department of

23   Children's Services to investigate and arrest those alleged to have

24   committed child abuse crimes. In his 17 years prior to the offense

25   which he has already pled in open court to, Mr. Franklin never

1   received a complaint. Nothing's in his personnel file that would

2   ever show that another individual or that this incident had ever

3   occurred in the past.

4        Mr. Franklin gave professionally and he gave personally to

5   his community. Where some may donate money and philanthropy,

6   Mr. Franklin continually gave his time.

7        Mr. Franklin's personal character may best be described as

8   unique and rare. Because of his personal character, the Campbell

9   County district attorney recently stated that he was shocked to

10  learn that Mr. Franklin was involved in this incident. Indeed, this

11  is a man whose commitment to honor and his personal character is

12  truly out of the ordinary.

13       We feel that these reasons set Mr. Franklin apart when this

14  judge must decide on a case by case basis whether exceptional

15  reasons exist. Every Defendant facing jail time will have personal

16  hardships. We're not relying on personal hardships; rather, your

17  Honor, we're relying on the history of this individual of 23 years of

18  service to his community, to the state and to his nation, both in

19  Campbell County and while he served in the U.S. Army and the

20  National Guard.

21       We believe that these reasons separate him from others

22  charged with similar conduct. For these reasons, your Honor, we

23  ask that he be released pending formal sentencing in this matter.

24       THE COURT: All right. Thank you, Mr. Roskind.

25  Let's hear from Mr. Atchley.

1    MR. ATCHLEY:   Your Honor, the congress has been
2  quite clear this is a crime of violence, 18 U.S.C. 241, conspiracy to
3  violate someone's civil rights under color of law. And, quite
4  frankly, Mr. Franklin is invariably the type of defendant that the
5  Court will see in these cases.

6    They are police officers or other law enforcement officers
7  acting under color of law that come into court and become
8  convicted of this crime. And the congress knew that when they
9  passed the Bail Reform Act and found that this, along with other
10 crimes, were crimes of violence.

11    You're going to get individuals like Mr. Franklin, more often
12 than not family men, some of them with many years of work in their
13 respective police departments, I would imagine a large percentage
14 of them veterans. It's tough. But he committed a crime of
15 violence.

16    And, quite frankly, as I was sitting there, listening to details
17 about Mr. Franklin, one thing also became very apparent to me, is
18 that Mr. Franklin was the most experienced man in that trailer, had
19 more experience than anybody. I mean, dag-gone it, just to boil
20 right down to it, he knew better, he knew better.

21    And if we're going to talk about personal character, let's talk
22 about that a little bit. Mr. Franklin is here because of Mr. Franklin,
23 not because the congress passed this onerous law that requires
24 people convicted of crimes of violence to go into custody. He is
25 here because of what he did, not because of the other individuals in

1 that trailer, not because of anything other than what he did.

2 Now, the law is quite clear on this matter, and they have not

3 put forth anything, anything, exceptional about Mr. Franklin that

4 the Court could release him on. He needs to be taken into custody.

5 THE COURT: All right. Mr. Roskind, do you want to

6 reply in any fashion?

7 MR. ROSKIND: Just briefly, your Honor. Again, as

8 Judge Collier stated, we need to look at the offense and the

9 personal character. Now, as Mr. Atchley argued, Mr. Franklin

10 came here today and pled guilty to this crime.

11 But to simply look at the offense as the deciding factor would

12 mean that no individual under any circumstances could ever be

13 released pending formal sentencing, as Mr. Atchley argues, by

14 simply saying, your Honor, he's here and he's pled guilty, so we

15 know he committed a crime of violence.

16 There are two parts to this, and if we continually rule that

17 because he committed the offense he should not be released, then it

18 almost makes that part of the statute moot. It would be

19 unnecessary. Thank you, your Honor.

20 THE COURT: Anything further, Mr. Atchley, before

21 the court rules?

22 MR. ATCHLEY: No, sir. I won't belabor the point,

23 but I don't think that's what I said. I think I said his factors

24 weren't exceptional.

25 THE COURT: All right. Well, considering this case on

1    its own merits and taking in consideration the motion and response

2    filed, as well as the arguments here today, I'm respectfully going

3    to deny Defendant's motion to be released pending sentencing and

4    find that Mr. Franklin, in light of his guilty plea, must be detained

5    pending sentencing.

6    A few words of explanation. The Defendant appropriately

7    acknowledges that he's pleading guilty to a crime of violence as

8    defined in 18 United States Code Section 3156, and is subject to

9    mandatory detention pursuant to 18 U.S.C. 3143(a)(2). As

10   discussed at yesterday's change of plea hearing in U.S. v. Webber,

11   it's noted that Congress has declared as a matter of policy that all

12   persons who are found guilty of crimes of violence must be

13   detained, even though they individually pose no risk of flight or

14   danger to the community, unless they clearly show exceptional

15   reasons why detention is not appropriate.

16   As pointed out by the Government in its response to the

17   motion filed with the Court, the exceptional reasons cited by this

18   defendant are details related to his personal character. These cited

19   reasons include Mr. Franklin's employment history with Campbell

20   County, Campbell County Sheriff's Department, which is said to

21   be with honor and distinction, and his previous military service

22   with commendations.

23   Taking these facts as true for purposes of the present motion,

24   while commendable, I cannot find that they are exceptional reasons

25   arising to the category of out of the ordinary, unusual or rare, as

1  required by the case law interpretation of 18 United States Code

2  3145(c).

3      I have read, both before yesterday's hearing and today's

4  hearing, Judge Collier's decision in <u>U.S. vs. Burnett</u>, which, as Mr.

5  Roskind points out, intimates a consideration of the personal

6  character of a defendant versus the hardship on family may imply

7  some basis for finding exceptional reasons. But I note that no such

8  finding was made in that case, and this court believes that a finding

9  of exceptional reasons based on the proffer of evidence in this case

10  could lead to the same sort of disparity and treatment of defendants

11  against which Judge Collier cautioned in <u>Burnett</u>.

12      Accordingly, as stated, I'll respectfully deny Defendant's

13  motion and find that Mr. Franklin must be detained pending

14  sentencing.

15      All right. Let's look at the sentencing date. Trying to keep

16  these various matters together, I'm going to suggest Monday, May

17  23rd, at 1:30 p.m., 2005.

18      MR. ATCHLEY:   That's fine, your Honor.

19      THE COURT:   Mr. Roskind?

20      MR. ROSKIND:   That's fine, your Honor.

21      THE COURT:   All right. We'll set sentence in this case

22  for Monday, May 23rd, 2005, at 1:30 p.m.  Let me just make note of

23  record that there are various people, a lot of people, in the

24  courtroom.  Sometimes sentencing dates change, the pre-sentence

25  report takes longer, there's conflicts in the Court's calendar, so

1  just be advised that I'm going to endeavor do all I can to keep these

2  matters when scheduled.

3      I just kind of wanted to make that note, that it's, you know,

4  it's conceivable and that any change in the schedule obviously will

5  be communicated to counsel, but also reflected on the Court's

6  public calendar.

7      All right.  Any other matters we need to bring to the Court's

8  attention at this time, Mr. Roskind on behalf of the Defendant?

9          MR. ROSKIND:   No, your Honor.

10          THE COURT:   And Mr. Atchley, on behalf of the

11  Government?

12          MR. ATCHLEY:   No, sir.

13          THE COURT:   All right.  We'll stand in recess.  Thank

14  you all.

15      (Hearing concluded at 2:36 p.m.)

### CERTIFICATION

I certify that the foregoing is an accurate transcript of the record of
proceedings in the titled matter.

_____                    1/16/08
Donnetta Kocuba, RPR-RMR
Official Court Reporter
U.S. District Court
Knoxville, Tennessee