UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CR-13 |
| | ) | (VARLAN) |
| SAMUEL R. FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on Motion to Unseal or Release Presentence Report [Doc. 23] by the plaintiffs ("Civil Plaintiffs") in Case No.: 3:05-CV-341. In their motion, the Civil Plaintiffs generally move the Court to unseal and/or release to the Civil Plaintiffs the presentence report of Defendant Samuel R. Franklin ("Defendant"). The United States has responded in opposition to the Civil Plaintiffs' motion [Doc. 24.] For the reasons that follow, the Civil Plaintiffs' motion will be denied.

Generally, "courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (emphasis in original). One reason for this reluctance is "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." *Id.* Another reason is the "need to protect the confidentiality contained in the report." *Id.* In other words, "requiring disclosure of a presentence report is contrary to the

public interest as it would adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused and from sources independent of the accused for use in the sentencing process." *United States v. Greathouse*, 484 F.2d 805, 807 (7th Cir. 1973) (citations omitted). Such interests explain why "[p]resentence reports warrant special treatment." *Id.*

Thus, the Civil Plaintiffs must make "some showing of special need before [the Court] will allow a third party to obtain a copy of a presentence report." *Julian*, 486 U.S. at 12. A "district court should not authorize disclosure of a presentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1175 (2d Cir. 1983). Such a standard balances "the desirability of confidentiality against the need for the moving party for disclosure of the document." *Charmer Indus., Inc.*, 711 F.2d at 1173. In the present case, the Civil Plaintiffs have not made the required showing.

First, the Civil Plaintiffs' counsel relies on Local Rule 26.2(d), which provides for the unsealing of court records. *See* L.R. 26.2(d). The Court notes that Local Rule 1.1(b) provides that the Local Rules are not absolute and do not take effect when, "in the opinion of the judge to whom the case is assigned, their application in an action . . . would work an injustice." L.R. 1.1(b). In the present case, application of Local Rule 26.2(d) would "work an injustice" in light of the substantial concerns with the confidentiality associated with presentence reports. Accordingly, the Court declines to apply Local Rule 26.2(d) in the

manner Civil Plaintiffs contend. A more compelling reason is needed before the Court will authorize disclosure of the presentence report.

Second, Civil Plaintiffs state that they need the presentence report in order to prepare for trial because their prior counsel failed to investigate and perform discovery. They state that the presentence report will provide Defendant's explanation for his conduct, evidence pertaining to Defendant's conduct, witnesses to Defendant's conduct, punitive damages, and evidence against co-defendants. The Court notes that while "production of a presentence report could facilitate the preparation of [Civil] Plaintiffs' case, that is not sufficient to justify disclosure, especially when virtually everything in the presentence report is available from other sources." *Beller v. United States*, 221 F.R.D. 674, 678 (D.N.M. 2003). The information sought by the Civil Plaintiffs could have been obtained through normal channels of discovery, and their failure to do so arose solely from the lack of due diligence by the Civil Plaintiffs. Under such circumstances, the Court does not find the requisite compelling need for disclosure.

Finally, the Court notes that the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771, does not confer "a general right for crime victims to obtain disclosure of the PSR." *In re Kenna*, 453 F.3d 1136, 1136 (9th Cir. 2006). Though the Civil Plaintiffs attempt to distinguish *In re Kenna* on the basis of Local Rule 26.2(d), such argument cannot prevail in light of the Court's finding that application of the Local Rule 26.2(d) is inappropriate in this case.

Accordingly, Civil Plaintiffs' Motion to Unseal or Release Presentence Report [Doc. 23] is hereby **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE